*Welch, J.
We do not see any just ground upon which [455 the action can be sustained. It was an action in violation of the plaintiff’s express written contract. He bound himself in writing never to bring the action. He entered into the contract with his eyes open. He must be presumed to have known the law of assessments, and he was bound to know the facts in relation to the value of the lots, the cost of the work, and the language of the contract. He alleges no fraud, and he admits that he received the full consideration agreed upon by the parties, viz : the prices named, less the uncollectable excess. It is quite true, as counsel have argued, that contracts of this character are in violation and evasion of the statute, which requires such excesses of assessment to be paid out of the general fund of the city. The manifest effect of such contracts is to swell and render merely nominal the prices at which the work is let, and thus to cast upon lots not so over-assessed a burden which the statute declares shall fall upon the city. Such contracts are against the policy of the statute, and not to be tolerated to the *456 injury of third persons aggrieved thereby. But it by no means-follows that a party to such a contract can recover, for work done ■under it, a compensation beyond the amount stipulated for in the contract. He can not enforce it in part, and avoid it in part. It. is not for him to set up its illegality, while he claims to recover for work done under it. Such is the position of the plaintiff here 'r and we think the district and common pleas courts were right in. denying him his action.

Motion overruled.

Day, C. J., and Brinkerhoff, Scott, and White, JJ., concurred.